IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

      Plaintiff,　　　　　　　　　　Case No. 1:06-cv-01089 ALA (P)

  vs.

W.J. SULLIVAN, et al.,

      Defendants.　　　　　　　　　ORDER

_____/

     Plaintiff Garrison S. Johnson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 15, 2007, while this matter was pending before Judge Wunderlich,  Mr. Johnson filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) .  (Doc. No. 10).  That section provides that "[t]he court may request an attorney to represent any person unable to afford counsel" and thus confers upon a district court the discretion to designate counsel to represent an indigent civil litigant.  28 U.S.C. § 1915(e) (1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also United States v. 30.64 Acres of Land*, 795 F.2d 796, 803-804 (9th Cir. 1986)(holding that "[i]n an appropriate case, a federal court has a duty under section 1915[e] to assist a party in obtaining counsel willing to serve for little or no compensation") .

     However, the court may appoint counsel under section 1915(e) only under "exceptional circumstances."  *Wilborn*, 789 F.2d at 1331 (citation omitted).  "A finding of exceptional

1  circumstances requires an evaluation of both the likelihood of success on the merits and the
2  ability of the petitioner to articulate his claims pro se in light of the complexity of the legal
3  issues involved.  Neither of these factors is dispositive and both must be viewed together before
4  reaching a decision on request of counsel under section 1915[e]." *Id*. (citations and internal
5  quotations omitted).

6       On April 10, 2007, Judge Wunderlich denied Mr. Johnson's motion for appointment of
7  counsel.  (Doc. No. 11).  Upon further review of the legal and factual issues raised in Mr.
8  Johnson's complaint, the Court now finds that it is in the interests of justice to direct the clerk to
9  attempt to obtain the services of pro bono counsel for Mr. Johnson pursuant to  28 U.S.C.
10 § 1915(e)(1).  Plaintiff appears to meet both criteria under the "exceptional circumstances" test.
11      Mr. Johnson, while articulating a cognizable claim, has demonstrated a limited capacity
12 to articulate and pursue some of the complex matters involved in his racial discrimination claim.
13 The facts alleged in Mr. Johnson's complaint, if proven, implicate significant and complex
14 constitutional issues.  In a prior suit alleging racial discrimination filed by Mr. Johnson pursuant
15 to 42 U.S.C § 1983, the district court denied his motion for appointment of counsel.  The Ninth
16 Circuit reversed the district court judgment, in part, and directed the district court to request pro
17 bono counsel for Mr. Johnson on remand.  *Johnson v. State of California*, 207 F.3d 650, 656 (9th
18 Cir. 2000).  While his complaint stated cognizable claims, the court found that "clarity and legal
19 precision" were lacking.  *Id.*
20     Upon review of the file and good cause appearing therefore, the court finds as follows:
21     Efforts to obtain legal representation without order of this court would be futile;
22     1.  Plaintiff's income is 125 percent or less of the current poverty threshold established
23 by the Office of Management and Budget of the United States and is otherwise without resources
24 to obtain counsel;
25     2.  This case is of a type that attorneys in this district ordinarily do not accept without
26 prepayment of a fee;
27     3. This case is not a fee generating case within the meaning of California Business and
28 Professions Code § 8030.4(g); and

1           4. This case has sufficient merit to warrant appointment pursuant to General Order No.
2    230.
3                  Accordingly, it is ORDERED that:
4        1.    The Court hereby appoints Ms. Laurie A. Thrower, Law Offices of Laurie A.
5              Thrower, 314 E. Carrillo Street, Suite 6, Santa Barbara, CA 93101 to undertake
6              representation of the plaintiff through pretrial proceedings and through trial.
7        2.    Ms. Thrower is directed to contact the Clerk's office to make arrangements for a
8              copy of the file; and,
9        3.    Ms. Thrower shall submit all deposition transcript costs for payment pursuant to
10             § 8030.6 of the California Business and Professions Code.  All other
11             contemplated costs shall be handled as described in General Order No. 230.
12   /////
13   DATED: August 26, 2008

                                                   /s/ Arthur L. Alarcón
                                                   UNITED STATES CIRCUIT JUDGE
                                                   Sitting by Designation